AO 472  (Rev. 12/03)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

**ORDER OF DETENTION PENDING TRIAL**

v.

Case Number: 07-20342-02

NICOLE KABAT

_____/

　　In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

　　Does not apply.

**Alternative Findings (A)**

　　(1)  There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

　　(2)  The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

　　(1)  There is a serious risk that the Defendant will not appear.

　　(2)  There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. §3142 and argues initially that the presumption in favor of detention applies.  The Court concurs with that position as the Defendant faces more than 10 years potential custody for violations of the Controlled Substances Act.  The Court must now consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection § 3142(g).

As to the factors set forth in subsections (g)(1) and (2), the offense charged involves narcotic drugs and weapons.  From the grand jury having returned an Indictment,  there is a definite weight of evidence supporting the charges against the Defendant.

As to § 3142(g)(3), the Defendant is currently 22 years of age and has lived with her parents for approximately 10 of the last 11 years.  For the past year, Defendant lived in Arizona.  The Defendant's only employment has been a four-month period of work as a waitress at a restaurant.  The Defendant stated to Pretrial Services that she has been abusing marijuana and alcohol since age 14 or 15.

In July 2004, as a result of a traffic stop in Nebraska, the Defendant was charged with Delivery/Intent to Deliver a Controlled Substance (felony), Escape When Under Arrest on a Felony Charge, and Possession of Marijuana, More Than One Pound.  The government proffers that during this traffic stop the Defendant escaped the custody of the officers, and as a result, an arrest warrant was issued.  According to Pretrial Services, that warrant remains open and active.  Counsel for the Defendant proffers that contact with Nebraska authorities indicates that they are unwilling to extradite the Defendant on these charges.

In September 2005, as a result of search of a dwelling occupied by the Defendant and others, the Defendant was charged with Attempted Felony Dangerous Drugs.  Ultimately, she was later charged by Saginaw County authorities with nine counts of Delivery/Manufacture of Controlled Substances.  Although the charges were later dismissed, the Court finds that the

Defendant's behavior while on that bond is of relevance to the instant motion.  Pretrial

Services reports that the Defendant was arraigned on the state charges and posted a bond.

She thereafter failed to appear, a bench warrant was issued, and the bond was forfeited.

Ultimately the Defendant was arrested, a forfeiture hearing was held, and the bond money

was returned to the bail bondsman.  At the time she was apprehended, the Defendant had

been a fugitive for approximately six months.  Counsel for the government also proffers that

at the time of her arrest the Defendant used a false name and provided false identification.  In

addition, marijuana and a weapon were found during the search of the dwelling.

Counsel for the Defendant suggests that there are terms of bond which could be crafted to

allow the Defendant's release, and specifically offers the Defendant's mother as a third party

custodian.  While I have no doubt that the Defendant' s family is supportive, it is equally clear

to me that the Defendant' family has been unable to control the Defendant's behavior in any

meaningful sense.  As a result, I have no reason to believe that third party custodianship

would yield any greater level of control.  The Court must decline this invitation.  Counsel also

suggests that Defendant could assist in the care of her children.  However, it appears she

has not done so for the last year.  In light of the Defendant' s history of escape and failure to

appear, coupled with the fact that there is presently an open warrant for her arrest, the Court

finds that the presumption in favor of detention has not been rebutted on the evidence

presented.  This finding is reinforced by the rulings of at least six courts of appeal which have

held that the continued use and sale of controlled substances constitutes danger to the

community.   *U.S. v. Leon,* 766 F.2d 77 (2d Cir. 1985); *U.S. v. Strong,* 775 F.2d 504 (3d Cir.

1985); *U.S. v. Williams (Melvin),* 753 F.2d 329 (4th Cir. 1985); *U.S. v. Hare,* 873 F.2d 796,

798 (5th Cir. 1989); *U.S. v. Portes,* 786 F.2d 758 (7th Cir. 1986); and *U.S. v. Sazenski,* 806

F.2d 846 (8th Cir. 1986).   The fact that the state of Nebraska will not extradite the Defendant

is not a factor for consideration under the Bail Reform Act.  Rather, the Court is required to

consider the existence of the warrant, which is undisputed by the parties.  In addition, even if the presumption had been rebutted, the Defendant's history of escape, failure to appear, and use of false identification confirms that there are no conditions nor any combination of conditions that would reasonably assure the safety of the community or the  Defendant's appearance as required.  Therefore, the motion to detain is **GRANTED**.


**Part III—Directions Regarding Detention**

   The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.



                                             s/ *Charles E Binder*
                                             CHARLES E. BINDER
Dated: August 3, 2007                        United States Magistrate Judge



<u>**CERTIFICATION**</u>

   I hereby certify that this Order was electronically filed this date, electronically served on Michael Hluchaniuk and Shawn Sutton, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.


Date: August 3, 2007              By____s/Jean L. Broucek_____
                                  Case Manager to Magistrate Judge Binder